CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 8 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DONNA KAY ROY, ) <br> ) <br> Defendant. ) | Criminal Action No. 5:04cv30018 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Glen E. Conrad <br> United States District Judge |

American Bail Bonds (American) has filed a notice of appeal in this case seeking review of the decision of the United States Magistrate Judge denying American's motion to set aside a portion of the $20,000.00 bond which the Magistrate Judge ordered forfeited to the United States upon defendant's violation of conditions of release. A hearing on American's appeal was conducted on August 4, 2005. The court, now having considered the issue, makes findings of fact and conclusions of law as follows:

1. The court adopts American's statement of facts as set forth in its affidavit filed in open court on August 4, 2005.

2. The court specifically finds that American was notified of the defendant's earlier, identical violation of conditions of release and that American chose to continue as surety on defendant's bond.

3. The court concludes that the standards to be applied in considering American's appeal are set forth in a decision of the United States Court of Appeals for the Fourth Circuit in United States v. Mizani, 605 F.2d 739 (4th Cir. 1979).

4. The court agrees with several of American's arguments and contentions. Specifically,

the court concludes that the amount of the forfeiture should bear some relationship to the cost and inconvenience suffered by the court and the United States as a result of defendant's breach of conditions. Contrary to the contention of the United States, the court also concludes that remission of a portion of a forfeited bond may be appropriate based on several factors such as the severity of the breach, the amount of the bond, prejudice to the government, and fairness to the surety.

5. The court concludes that remission of a portion of the forfeited bond is not appropriate in the instant case. In so concluding, the court notes that the amount of the bond was relatively small. The court also notes that American had notice of an earlier breach of conditions by the defendant and did not seek release as surety. The court concludes that, in the instant case, the interest of the court in requiring full compliance and discharge of the contractual obligation outweighs any prejudice or unfairness suffered by the surety.

6. Accordingly, American's request for relief from the order of the Magistrate Judge shall be, and it hereby is, denied. An appropriate order will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This \_8th\_ day of August, 2005.

_____
United States District Judge