CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 27 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff, | Criminal Case No. 5:04-cr-30018-10 |
| v. | By: Hon. Glen E. Conrad<br>United States District Judge |
| **DONNA K. ROY,**<br>Defendant. | **MEMORANDUM OPINION** |

Donna Kay Roy, proceeding pro se, has filed a motion seeking to extend the time for filing a petition to vacate, set aside or correct her sentence under 28 U.S.C. § 2255. It appears from the motion that Roy recognizes that the one-year statute of limitations for filing a § 2255 petition has likely expired, and thus she seeks an extension of time within which to file the petition.[*]

It further appears that the court does not have subject matter jurisdiction to consider Roy's motion. While the Fourth Circuit has not yet considered the issue, every court to have done so has

---

[*] On May 5, 2005, Roy pleaded guilty in this court to Conspiracy to Distribute and Possess With Intent to Distribute More Than 50 Grams of Cocaine Base in violation of 21 U.S.C. § 846 & 841(a)(1). Judgment was entered against her on May 12, 2005. Roy did not file a direct appeal. Roy filed the instant motion, styled as a "MOTION FOR EQUITABLE TOLLING," on November 15, 2007; however, as explained in this opinion, the court does not have jurisdiction to consider such motion because movant has not yet filed a § 2255 petition.

Section 2255 has a one-year period of limitation, which begins to run on the latest of four dates: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Here, petitioner has not alleged anything to support or warrant the court's reliance on subsections (2), (3), or (4). Therefore, it appears that the one-year period of limitation began to run on the date petitioner's conviction became final. In this case, petitioner's judgment of conviction was entered on May 12, 2005. Because petitioner did not appeal her conviction, it became final on May 26, 2005, the date upon which her time to appeal expired. See Clay v. United States, 537 U.S. 522, 532 (2003); Fed. R. App. P. 4(b) and 26(a). Therefore, petitioner had until May 26, 2006, to file a motion under § 2255. See § 2255, ¶ 6. Should petitioner properly file a motion pursuant to § 2255, it will likely be deemed untimely and dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, unless petitioner can demonstrate grounds for equitable tolling. The United States Court of Appeals for the Fourth Circuit has explained that equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

concluded that federal courts lack jurisdiction to consider the timeliness of a § 2255 petition until the petition itself is filed, reasoning that a motion for extension of time is not, by itself, a "case or controversy" within the meaning of Article III of the United States Constitution. See U.S. v. Leon, 203 F.3d 162 (2nd Cir. 2000); U.S. v. McFarland, 125 Fed. App'x. 573 (5th Cir. 2005); U.S. v. Moore, 56 Fed. App'x. 686 (6th Cir. 2003); In Re Application of Wattanasiri, 982 F. Supp. 955 (S.D. N.Y. 1997); Paschal v. U.S., 2003 WL 21000361 (N.D. Ill. 2003); Ramirez v. U.S., 461 F. Supp.2d 439 (E.D. Va. 2006); U.S. v. Backhoff, 2006 WL 2382176 (N.D. Fla. 2006). Instead, for a court to have jurisdiction over such a motion, it must be either (i) filed concurrently with or after a § 2255 petition, or (ii) be construed as the § 2255 petition itself. As the Second Circuit noted, "where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive motion for relief." Green v. U.S., 260 F.3d 78 (2nd Cir. 2001). The analysis thus proceeds to determining whether re-characterizing the motion as a § 2255 petition is appropriate.

Roy's motion for an extension of time does not allege a cognizable claim for relief under § 2255, and thus is not amenable to re-characterization as a substantive § 2255 petition. The motion alleges nothing beyond stating that she was unable to timely file a § 2255 petition because of her mental health and that, having undergone treatment, she can now "understand the procedures involved in exposing to the Court the wrongs she has been subjected to and prepare her 18 U.S.C. 2255 [sic]." Roy's motion does not state a cognizable basis for § 2255 relief; thus, it should not be construed as a § 2255 petition. Since the motion may not be so construed, it must be dismissed for lack of subject matter jurisdiction.

2

An appropriate order will be entered this day. The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to movant.

**ENTER:** This 27th day of November, 2007.

                                                      /s/ Glen E. Conrad
                                              United States District Judge