CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 03 2010

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) )  ) Case No. 5:04CR30018 ) (Case No. 5:10CV80226) |
| v. | ) ) MEMORANDUM OPINION ) |
| DONNA KAY ROY, | ) By: Glen E. Conrad ) United States District Judge |
| Defendant. | ) |

The defendant, a federal inmate, brings this motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Upon review of the record, the court finds that the motion must be dismissed as without merit.

## Background

Faced with three federal criminal charges, Defendant Donna Kay Roy pleaded guilty, pursuant to a written plea agreement, to count One of the superseding indictment, which charged her with conspiracy to distribute more than 50 grams of crack cocaine. Under the advisory sentencing guidelines, Roy had a total offense level of 35 and a criminal history category of VI, resulting in a guideline range of 292 to 365 months imprisonment. The court departed downward, upon finding that her criminal history category overstated her prior criminal history, and sentenced her to 204 months in prison. Final judgment entered against her on May 12, 2005. She did not appeal and has not filed any previous § 2255 motions. On April 29, 2008, the court granted Roy a sentence reduction, pursuant to amendments to the federal sentencing guidelines for crack cocaine offenses and 28 U.S.C. § 3582(c), and resentenced her to 183 months in prison.

In her § 2255 motion, Ms. Roy asserts that pursuant to Spears v. United States, ___U.S.___, 129 S. Ct. 840 (Jan. 21, 2009) and recent changes in Department of Justice (DOJ) policy regarding the sentencing disparity between crack cocaine cases and powder cocaine cases, the court should further reduce her sentence on the crack cocaine offense to bring it in line with the sentence she would have received if her offense had involved cocaine powder. Roy argues that the sentencing guidelines under which she was resentenced are "incoherent [sic]" with Spears, supra, and DOJ policy and that "this new rule" can be applied retroactively to allow the court to reduce her sentence. Specifically, Roy asks the court to "take the approach[ ] endorsed by [Spears] and "reject and vary categorically from the crack cocaine Guidelines based on a policy disagreement with those guidelines; [and] adopt the 1:1 ratio . . . in [Roy's] sentence." In addition, Roy asks the court to depart downward on the ground that her criminal history category overrepresents the seriousness of her record and reduce her sentence to time served (which is approximately 57 months). Finally, Roy states that she has given substantial assistance to law enforcement authorities and that her sentence was higher than her co-defendant's sentence for similar conduct.

## Discussion

To state a claim for relief under § 2255, a federal defendant must prove that one of the following occurred: (1) Her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) The "court was without jurisdiction to impose such sentence"; or (3) The "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In a § 2255 motion, the defendant bears the burden of proving

grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Roy's § 2255 motion makes none of these showings. She does not demonstrate that her sentence as imposed is illegal in any way, that the court was without jurisdiction to impose it, or that it exceeds the maximum authorized by law. Rather, she argues that this court, based on the broader measure of sentencing discretion recognized in a new Supreme Court decision, should reopen her long-closed criminal proceedings and further reduce her sentence. Apparently, she believes that the Spears decision and the DOJ policy have opened a new door for collateral attack of her sentence, pursuant to § 2255(f)(3). This provision allows a defendant to bring a § 2255 motion based on a right recognized by the United States Supreme Court after her original sentencing hearing, if that right has been made retroactively applicable to cases on collateral review. § 2255(f)(3).

Roy's apparent arguments for relief under § 2255(f)(3) are without merit. The Spears decision did not create a right to receive a cocaine powder sentence for a crack cocaine offense; rather, this decision merely recognized that federal trial judges have discretion at the time of sentencing "to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." Spears, 129 S. Ct. at 844. Moreover, the ruling in Spears applied to cases then before the court for sentencing or direct appeal and has not been recognized to apply retroactively to cases which are, like Roy's, before the court on collateral review. Therefore, the Spears decision does not create any ground for collateral relief under § 2255(f)(3).

Moreover, neither Spears nor the DOJ policy made any change to the statutory sentences or the advisory sentencing guidelines for crack cocaine offenses. At most, the DOJ policy and

the Spears decision represent a shift in opinion among politicians and law enforcement authorities regarding the reasons for treating crack cocaine offenses more harshly than offenses involving cocaine powder or other controlled substances. Changes in public opinion and law enforcement practice, however, present no ground on which a sentenced criminal defendant may reopen the proceedings to seek an additional sentence reduction. See United States v. McClellon, 578 F.3d 846, 862 (8th Cir. 2009) ("As frustrating as it may be for [crack cocaine defendants] to sit in prison and wait for Congress to possibly remedy a sentencing requirement, there is currently no other option.").

## Conclusion

For these reasons, the § 2255 motion presents no ground on which the defendant is entitled to the relief she seeks. Accordingly, the motion must be denied. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 3rd day of February, 2010.

_____
United States District Judge